**Lebe Law, APLC**
Jonathan M. Lebe (SBN 284605)
Jon@lebelaw.com
5723 Melrose Avenue
Los Angeles, CA 90038
Tel: (310) 921-7056
Fax: (310) 820-1258

**Mesriani Law Group, APLC**
Rodney Mesriani (SBN 184875)
Rodney@mesriani.com
5723 Melrose Avenue
Los Angeles, CA 90038
Tel: (310) 921-7056
Fax: (310) 820-1258

Attorneys for Plaintiffs Alfonzo Peterson and Miguel Ortega,
Individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alfonzo Peterson, Individually and on behalf of all others similarly situated; and Miguel Ortega, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Central Freight Lines, Inc., a Texas Corporation; and Does 1 through 25, Inclusive,<br><br>Defendants. | **Case No.**<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **Failure to Pay Regular and Overtime Pay**<br>2. **Failure to Provide Meal Periods**<br>3. **Failure to Provide Rest Breaks**<br>4. **Failure to Pay Wages of Terminated or Resigned Employees**<br>5. **Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions**<br>6. **Failure to Reimburse Expenses**<br>7. **Violations of the Unfair Competition Law** |

**COMPLAINT**

Plaintiffs Alfonzo Peterson and Miguel Ortega (hereinafter "Plaintiffs"), by and through their counsel, claim and allege as follows:

## PARTIES

1.     Plaintiffs are individuals who, at all times relevant to this action, resided in the County of Los Angeles, State of California.

2.     Plaintiffs are informed, believe and thereupon allege that Defendant Central Freight Lines, Inc. (hereinafter "Defendant Central Freight") is a Texas Corporation, doing substantial business in the County of Los Angeles, State of California and was Plaintiffs' employer at all times relevant herein.

3.     Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 25, inclusive, and for that reason sues said Defendants, and each of them, by such fictitious names. Plaintiffs are informed and believe, and based thereon allege that each of the Defendants designated herein as a DOE are legally responsible for, participated in or contributed to the matters and things of which Plaintiffs complains herein, and in some fashion, has legal responsibility therefore. When Plaintiffs ascertain the names and capacities of the fictitiously named Defendant Does 1 through 25, inclusive, Plaintiffs will seek leave of court to amend this Complaint to set forth such facts.

4.     Plaintiffs are informed and believe, and based thereon allege that each Defendant is, and at all times relevant herein was, the agent of his, her or its co-defendants, and in committing the acts alleged herein, was acting within the scope of his, her, or its authority as such agent, and with the knowledge, permission, and consent of his, her, or its co-defendants.

**COMPLAINT**

1   5.   Plaintiffs re-allege and incorporate herein by this reference each and

2   every allegation set forth in all previous paragraphs of the Complaint as if fully set

3   forth herein.

4                        **JURISDICTION AND VENUE**

5   6.   This Court also jurisdiction in this matter because Defendants are

6   alleged to have violated California law and related common law principles, because

7   complete diversity exists between the parties--Plaintiffs are residents of California

8   and Defendant Central Freight is a Texas corporation.  Further, the amount of the

9   aggregate claim of all Class Members is likely over the $5,000,000 threshold of the

10  Class Action Fairness Act of 2005 ("CAFA"). Finally, all of Plaintiffs' causes of

11  action are based on California's wage and hour laws; there are no federal questions

12  at issue.

13  7.   Venue as to each Defendant is proper in this judicial district, pursuant

14  to 28 U.S.C. §1391(b)(2).  Defendants operate and manage distribution services

15  throughout the state of California, including, but not limited to Los Angeles,

16  California, which is within the Central District of California.  Defendants operate

17  and are doing business in Los Angeles County.  Defendants employed Class

18  Members in Los Angeles, California. Defendants' failure to provide rest breaks and

19  meal periods compliant with California law occurred in Los Angeles, California.

20  Thus, while Plaintiffs reasonably contend Defendants' wage and hour violations

21  occurred throughout California, a "substantial part of the events or omissions" giving

22  rise to the claims occurred in this District.  Accordingly, venue in the Central District

23  of California is appropriate.

24  ///

**COMPLAINT**

# FACTUAL BACKGROUND

8.     Plaintiffs and the Class Members are, and at all times pertinent hereto, have been Pick Up and Delivery Drivers and entitled to pay for all hours worked at legally applicable pay rates, statutory meal periods, rest breaks, expense reimbursement as hourly, non-exempt employees within the meaning of the California Labor Code and the implementing rules and regulations of IWC California Wage Orders.

9.     Plaintiffs and Class Members were hired by Defendants as Pick Up and Delivery Drivers in the state of California within four years prior to the date *Vargas, et al. v. Central Freight Lines, Inc*., United States District Court, Southern District of California, Case No. 16-cv-00507-L-JLB was filed in the Southern District ("*Vargas*"). *Vargas* is a class action brought by a former Pick Up and Delivery driver who alleged he and other Pick Up and Delivery drivers were denied overtime pay, meal periods, rest breaks, and all wages owed after termination. Like Plaintiffs, the *Vargas* case sought to certify a class of Pick Up and Delivery drivers in California. The *Vargas* action was filed on approximately February 26, 2016 and the class allegations are estimated to be dismissed by at least the end of 2017.  Plaintiffs contend the *Vargas* action tolled the statute of limitations for all putative class members through the date the class allegations were dismissed. See, *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974).

10.     Plaintiffs are informed and believe, and based thereon allege, that Defendants did not pay Plaintiffs and other Pick Up and Delivery drivers for all hours worked. Plaintiffs contend that Defendants reduced and/or simply failed to records the hours that Plaintiffs and other Pick Up and Delivery Drivers actually

**COMPLAINT**

worked. Plaintiffs allege the Defendants' practice to write down or overlook actual hours worked was willful and deliberate. Accordingly, Plaintiffs and other Pick Up and Delivery drivers worked off-the-clock and in violation of California's minimum wage requirements.

11.    Plaintiffs are informed and believe, and based thereon allege that Defendants did not provide meal periods in compliance with Labor Code 512, which requires that an employer provide an uninterrupted meal period of at least 30 minutes within the first five (5) hours of any shift over six (6) hours, unless the total work period is less than six hours and the meal period is waived by both employer and employee, and a second meal period within the tenth (10th) hour of any shift of twelve (12) hours or more.  According to Plaintiffs, Defendants often required its employees to perform tasks and assignments during meal periods, which were often times less than 30 minutes.  Plaintiffs and the Class Members were routinely required to take meal periods that were less than a full thirty (30) minutes and Defendants had no policy or practice to provide a second meal period within the tenth (10th) hour worked. Further, Defendants lacked a policy or practice to pay an hour's pay for missed meal periods.

12.    Plaintiffs are informed and believe, and based thereon allege that Defendants failed to authorize or permit ten (10) minute rest breaks within the greater part of any four hour work period as required by California Industrial Commission Wage Order 9-2001(11). Plaintiffs further allege on information and belief that they and other Pick Up and Delivery drivers were scheduled to perform pick-up and delivery stops that did not realistically allow 10 minute rest breaks free of all work duties. Plaintiffs allege on information and belief that Defendants had no

**COMPLAINT**

1  policy to pay an hour's pay for any day in which it did not authorize or permit a

2  compliant rest break.

3      13.    For at least four years prior to the filing of this action and through to

4  the present, Defendants consistently maintained and enforced the following unlawful

5  practices and policies against its employees, in violation of California state wage and

6  hour laws:

7      (a)    Defendants have had a consistent policy of failing to pay for all hours

8  worked by Class Members within the State of California in violation of Labor Code,

9  section 1194 and Industrial Welfare Commission Wage Order 9-2001(4).

10  Defendants failure to pay manifests itself in one or the following:

11      (i)    Failing to record accurately all hours actually worked by the

12  Plaintiffs and the Class Members;

13      (ii)    Writing down the hours Plaintiffs and the Class Members

14  worked to show less than the hours actually worked;

15      (iii)    Identifying certain tasks as not being compensable or required to

16  be performed before clocking-in at the beginning of a shift and/or performed

17  after clocking-out at the end of a shift;

18      (b)    Defendants have had a consistent policy of requiring Class Members

19  within the State of California, including Plaintiffs, to work at least five (5) hours

20  without a meal period free of all work duties and failing to pay such employees one

21  (1) hour of pay at the employees' regular rate of compensation for each workday

22  that the meal period was not provided, all in violation of, among others, Labor Code

23  §§ 226.7, 512, and applicable Industrial Welfare Commission Wage Orders, in one

24  or more of the following manners:

(i)     Class Members were required to work through their daily meal period(s), or work an unlawful "on-duty meal period;"

(ii)    Class Members were not provide a net meal period of at least 30 minutes off-the-clock;

(iii)   Class Members were not free to decide for themselves when to take a 30 minute meal period and instead were subjected to Defendants' practice to provide meal periods after five (5) hours of work;

(c)     Defendants have had a consistent policy and practice of requiring Class Members within the State of California, including Plaintiffs, to work at least ten (10) hours without a second meal period free of all work duties and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the second meal period was not provided, all in violation of, among others, Labor Code §§ 226.7, 512, and applicable Industrial Welfare Commission Wage Orders. Defendants did not permit a second meal period by the tenth (10th) hour worked.

(d)     Defendants have had a consistent policy of requiring Class Members within the State of California, including Plaintiffs, to work the greater part of four (4) hours without authorizing or permitting rest break free of all work duties and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest break was not authorized or permitted, all in violation of, among others, Labor Code §§ 226.7, and applicable Industrial Welfare Commission Wage Orders, in one or more of the following manners:

(i)     Class Members were required to perform pick up and delivery stops on schedules that did not permit a ten (10) minute stop within the

greater part of any shift of four hours;

(ii) Class Members were not provide a net rest break of at least 10 minutes;

(iii) Class Members were not free to decide for themselves when to take a 10 minute rest break;

(e) With respect to Class Members who either were discharged, laid off, or resigned, Defendants failed to pay all wages for meal periods, or overtime owed to the Class Members at termination as required by Labor Code §§ 201, 202, 203;

(f) Defendants knowingly and intentionally failed to itemize appropriate regular and/or overtime pay for hours worked over eight (8) per day and/or over forty (40) per week, failed to itemize an hour's pay for compensation for missed meal periods and/or rest breaks, failed to provide their identities and addresses, and thus failed maintain provide accurate, itemized wage statements; and

(g) Defendants have had a consistent policy and practice of failing to reimburse Class Members for all necessary expenditures or losses they incurred in direct consequence of the discharge of their duties. Defendants failed to reimburse Class Members pursuant to Labor Code section 2802.

14. On information and belief, Plaintiffs allege that they and the Class Members did not waive meal periods or rest breaks during the liability period.

15. Plaintiffs are informed and believe, and based thereon allege, that Defendants willfully failed to pay the Class Members in a timely manner all earned wages; nor have Defendants returned to Class Members, upon or after termination of their employment with Defendants, unlawful deductions and penalties due them for having failed to properly provide meal periods.

16.     Plaintiffs are informed and believe, and based thereon allege that Defendants currently employ, and during the relevant liability period have employed, hundreds of employees in the State of California in non-exempt positions.

17.     At relevant times herein, the named Plaintiffs and the Class Members were employed by Defendants and were paid, on information and belief, predominantly on an hourly basis.

18.     On information and belief, Plaintiffs allege that Defendants' actions as described throughout this Complaint were willful.

19.     On information and belief, Plaintiffs allege that Defendants willfully failed to pay the legal wages, failed to provide legal meal periods and rest breaks, and willfully failed to pay one hour's wages in lieu of meal periods and/or rest breaks, when each such employee quit or was discharged.

20.     Plaintiffs, on behalf of themselves and all other Class Members, bring this action pursuant to California Labor Code sections 201, 202, 203, 226, 226.7, 510, 1194, 2802, 2804 and California Code of Regulations, Title 8, section 11090 *et seq.*, seeking unpaid regular wages, overtime, unpaid meal period compensation, unpaid rest break compensation, penalties, injunctive, and other equitable relief, and reasonable attorneys' fees and costs.

21.     Defendants have made it difficult to account with precision for the unlawfully withheld wages and meal period compensation owed to Defendants' Pick Up and Delivery Drivers, including Plaintiffs, during the liability period, because Defendants did not implement and preserve a record-keeping method as required for non-exempt employees by California Labor Code sections 226, 1174(d), and section 7 of California Wage Order 9-2001.  Defendants have failed to comply with Labor

**COMPLAINT**

Code section 226(a) by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by Plaintiffs and the Class Members, and Plaintiffs and Class Members are therefore entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

22. Defendants have failed to comply with section 7 of the California Wage Order 9-2001 by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code section 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Class Members.

23. Plaintiffs, on behalf of themselves and all Class Members, pursuant to Business and Professions Code sections 17200-17208, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint.

## CLASS ALLEGATIONS

24. Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Fed. R. Civ. P., Rule 23. Plaintiffs seek to represent a Class composed of and defined as follows:

All persons who are employed or have been employed by Defendants in the State of California as Pick Up and Delivery Drivers within four years prior to the filing of this class action to the date of judgment ("Class Members").

25. Additionally, Plaintiffs seek to represent Sub-Classes composed of and defined as follows:

///

**COMPLAINT**

(a) All Class Members who were subjected to Defendants policies and practices not to record all hours worked. ("Off-the-Clock Sub-Class").

(b) All Class Members who were not authorized or permitted a ten (10) minute rest break for every four (4) hours or major fraction thereof worked, and were not provided one hour's pay for each day on which such rest break was not provided. ("Rest Break Sub-Class").

(c) All Class Members who were not provided a meal period for every five hours or major fraction thereof worked per day, and were not provided one hour's pay for each day on which such meal period was not provided. ("Meal Period Sub-Class").

(d) All Class Members who were not provided a second meal period for every ten hours or major fraction thereof worked per day, and were not provided one hour's pay for each day on which such meal period was not provided. ("Second Meal Period Sub-Class").

(e) All Class Members who were employed as Pick Up and Delivery Drivers in the State of California who, within one year of the filing of this Complaint, have not been provided accurate, itemized wage statements that comply with Cal. Labor Code, §226. ("Lab. Code 226 Penalty Sub-Class").

(f) All Class Members who were employed as Pick Up and Delivery Drivers and have separated their employment from Defendants in the State of California who, within three years of the filing of this Complaint, have not been paid wages pursuant to Labor Code section 203 and are owed restitution for waiting time penalties deriving from wages. ("Waiting Time Penalty Sub-Class").

///

(g)  All Class Members who were employed as Pick Up and Delivery Drivers and have separated their employment from Defendants in the State of California who, within three years of the filing of this Complaint, have not been fully reimbursed for all work related expenses reasonably incurred during the performance of their work duties. ("Expense Reimbursement Sub-Class").

26.  Plaintiffs reserve the right under Fed. R. Civ. P., Rule 15, to amend or modify the class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

27.  This action has been brought and may properly be maintained as a class action under the provisions of section Fed. R. Civ. P., Rule 23 because: a) the class is sufficiently numerous; b) common questions of law and fact exist concerning Defendants' failure to pay appropriate overtime compensation, failure to provide compliant meal periods and rest breaks, failure to provide accurate/itemized wage statements, failure to pay all wages owed at termination, and failure to fully reimburse work related expenses; c) Plaintiffs' claims are typical of the Class Members' claims; d) Plaintiffs and their counsel will adequately represent the class and have no conflict with the Class Members; e) class action treatment of Plaintiff's claims is superior to individual treatment for the same violations.

## Numerosity

28.  The potential members of each Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants currently employ, and during the relevant time periods employed, hundreds of employees in positions as Defendants' Pick Up and Delivery

**COMPLAINT**

Drivers in California, who are or have been affected by Defendants' unlawful practices as alleged herein.

29. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Upon information and belief, Plaintiffs allege Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Classes is not practicable.

### Commonality

30. There are questions of law and fact common to each Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

(a) Whether the Defendants violated California Labor Code, section 1194 and IWC Wage Order 9-2001(4) by failing to pay for all hours actually worked;

(b) Whether Defendants violated Labor Code sections 226.7 and 512, section 11 of the IWC Wage Orders, and Cal. Code Regs., Title 8, section 11070 *et seq.* by failing to provide a meal period to non-exempt employees on days they worked work periods in excess of five (5) hours and failing to compensate said employees one hour's wages in lieu of meal periods;

(c) Whether Defendants violated Labor Code sections 226.7 and 512, section 11 of the IWC Wage Orders, and Cal. Code Regs., Title 8, section 11090 *et seq.* by failing to provide a second meal period to non-exempt employees on days they worked work periods in excess of ten (10) hours and failing to compensate said employees one hour's wages in lieu of meal periods;

(d) Whether Defendants violated IWC Wage Order 9-2001 section 12 by

failing to authorize or permit a ten (10) minute rest break within the greater part of any shift of four hours to non-exempt Class Members and failing to compensate the Class Members an hour's pay in lieu of authorizing or permitting a rest breaks;

(e) Whether Defendants violated sections 226 and 1174 of the Labor Code and section 9 of the IWC Wage Orders by failing to maintain accurate records of Class Members' earned wages, work periods;

(f) Whether Defendants violated sections 201-203 of the Labor Code by failing to pay all earned wages and/or premium wages or return unlawfully deducted wages, expenditures or losses, or reimbursements due and owing at the time that any Class Member's employment with Defendants terminated, voluntarily or involuntarily;

(g) Whether Defendants violated Labor Code, section 2802 by failure to fully reimburse Plaintiffs and the putative Class Members for all work related expenses;

(h) Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code, Labor Code §§ 201-203, 351, 226.7, 512, 1194, 1199, 1174, 2802, and applicable IWC Wage Orders, which violation constitutes a violation of fundamental public policy; and

(i) Whether Plaintiffs and the Class Members are entitled to equitable relief pursuant to Business and Professions Code section 17200 *et seq.*

### **Typicality**

31. The claims of the named Plaintiffs are typical of the claims of the Class Members. Plaintiffs and all members of each Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of

14

**COMPLAINT**

California laws, regulations, and statutes as alleged herein. Plaintiffs contends that they and the Class Members were not paid for all hours worked at lawful pay rates, not provided meal periods within the first five (5) hours worked that were 30 minutes and free of all work duties, that Plaintiffs and Class Members were not provided a second meal period by the tenth (10th) hour worked, that Plaintiffs and Class Members were not compensated an hour's pay for missed meal periods, and that Defendants' meal period and rest break policies do not provide an hour's pay for missed meal periods. Plaintiffs and all members of the Class sustained injuries and damages due to Defendants' failure to fully reimburse them for work related expenses. Due to these failures, and because Defendants failed to provide wage statements that identified the employers' business address, Plaintiffs and the Class Members were provided inaccurate wage statements.

## **Adequacy of Representation**

32.     Plaintiffs will fairly and adequately represent and protect the interests of the members of each Class.  Counsel who represents Plaintiffs is competent and experienced in litigating large employment class actions.

## **Superiority of Class Action**

33.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to each Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices alleged in the Complaint.

///

**COMPLAINT**

## Notice to the Class

34. Plaintiffs contend that written notice to the Class Members consistent with Fed. R. Civ. P., Rule 23(c)(2) would be effective to inform the Class Members of the nature of the claims, the definition of the classes certified, that the absent class members may enter appearances through their own counsel, that any class member can request exclusion in the timely manner, and that any judgment in the class action will be binding pursuant to Rule 23(c)(3).

35. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

### First Cause of Action

*Failure to Pay Wages*

*Against All Defendants*

36. Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

37. Upon information and belief, Defendants have had a consistent policy of failing to pay wages, both regular, overtime, and double regular time due for hours actually worked.

38. As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of wages, overtime, and/or double time compensation in amounts to be determined at trial, and are entitled to recovery of

such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code sections 1194 and 1199.

39.     WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described herein and below.

## **Second Cause of Action**

### *Failure to Provide Meal Periods*

### *Against all Defendants*

40.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

41.     Labor Code §§ 226.7 and 512, provide that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes or employ any person for a work period of more than ten (10) hours without a second meal period of not less than thirty (30) minutes.

42.     Labor Code §§ 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in accordance with this section.

43.     Defendants did not have a policy or practice to pay an hour's pay for any missed meal periods. Defendants prioritized its business needs and profit over meal periods and thus obstructed Plaintiffs and Class Members from taking 30 minute, duty-free meal periods within the first five (5) hours of any shift over six (6) hours long and deprived Plaintiffs and Class Members of a second meal period after the tenth (10th) hour worked.  As a result, Plaintiffs and Plaintiff Class members were

regularly forced to forego a meal period and/or work during their meal periods. In so doing, Defendants have intentionally and improperly denied meal periods to the Plaintiffs and Plaintiff Class in violation of Labor Code §§226.7 and 512 and other regulations and statutes.

44. At all times relevant hereto, Plaintiffs and Plaintiff Class members have worked more than six (6) hours in a workday and regularly worked shifts of twelve (12) hours.

45. At all times relevant hereto, the Defendants, and each of them, failed to schedule Plaintiffs and similarly situated persons in a manner so as to reasonably provide meal and/or work free meal period as required by Labor Code §§ 226.7 and 512.

46. By virtue of the Defendants' failure to schedule Plaintiffs and Plaintiff Class Members in such a way as to provide a meal period, and/or work free meal period to the Plaintiffs and Plaintiff Class thereby causing Plaintiffs and Class Members to suffer, and will continue to suffer, damages in the amounts which are presently unknown, but will be ascertained according to proof at trial.

47. Plaintiffs individually, and on behalf of the Class Members, requests recovery of meal period compensation pursuant to Labor Code §226.7 which they are owed during the Class Period, as well as the assessment of any statutory penalties against the Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

///

///

///

**COMPLAINT**

### Third Cause of Action

### *Failure to Provide Rest Periods*

### *Against all Defendants*

48.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

49.     On information and belief, during the rest period liability period, Defendants did not permit or authorize Plaintiffs and Class Members to take rest periods. Defendants failed to relinquish direction and control over Plaintiffs and the Class Members during rest periods.

50.     By their failure to provide rest periods for every four hours or major fraction thereof worked per day by non-exempt employees, and failing to provide compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and section 12 of the IWC Wage Orders.

51.     Plaintiffs and the Class Members they seek to represent did not voluntarily or willfully waive rest periods.

52.     By failing to keep adequate records as required by sections 226 and 1174(d) of the Labor Code, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid rest period compensation (including wages, interest, and penalties thereon) due Plaintiffs and Class Members.

53.     As a result of the unlawful acts of Defendants, Plaintiffs and each Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7,

and 1194, and applicable IWC Wage Orders.

54.     WHEREFORE, Plaintiffs and the rest period Class they seek to represent request relief as described herein and below.

### Fourth Cause of Action

### *Failure to Timely Pay Wages Due At Termination*

### *Against all Defendants*

55.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

56.     Sections 201 and 202 of the California Labor Code require Defendants to pay their employees all wages due within 72 hours of termination of employment. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

57.     Plaintiffs and each Class they seek to represent are entitled to compensation for all forms of wages earned, including, but not limited to, overtime wages earned but not paid, compensation for unprovided meal periods, and/or compensation for unlawful deductions, but to date have not received such compensation, therefore entitling them Labor Code section 203 penalties.

58.     More than 30 days have passed since affected Class Members have left Defendants' employ, and on information and belief, they have not received payment pursuant to Labor Code section 203.  As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiffs and certain Class Members are entitled to 30 days' wages as a penalty under Labor Code section 203 for failure to

### COMPLAINT

1  pay legal wages.

2      59.    Plaintiffs and certain Class Members are also entitled to an additional

3  30 days' wages as a penalty under Labor Code § 203 for willful failure to pay one

4  hour's wages in lieu thereof for denied meal periods, together with interest thereon

5  and attorneys' fees and costs.

6      60.    WHEREFORE, Plaintiffs and each Class they seek to represent request

7  relief as described herein and below.

8  **Fifth Cause of Action**

9  ***Knowing and Intentional Failure to Comply With***

10  ***Itemized Employee Wage Statement Provisions***

11  ***Against all Defendants***

12      61.    Plaintiffs incorporate all previous paragraphs of this Complaint as

13  though fully set forth herein.

14      62.    Section 226(a) of the California Labor Code requires Defendants to

15  itemize in wage statements all deductions from payment of wages and to accurately

16  report total hours worked by Plaintiffs and the Class Members.  On information and

17  belief, Plaintiffs allege that Defendants have knowingly and intentionally failed to

18  comply with Labor Code section 226(a) on each and every wage statement that

19  should have been provided to Plaintiffs and Class Members. Section 226(a)(8) also

20  requires employers to provide the "name and address of the legal entity that is the

21  employer."

22      63.    Section 1174 of the California Labor Code requires Defendants to

23  maintain and preserve, in a centralized location, among other items, records showing

24  the names and addresses of all employees employed, payroll records showing the

**COMPLAINT**

hours worked daily by, and the wages paid to, their employees.  On information and belief, Plaintiffs allege that Defendants have knowingly and intentionally failed to comply with Labor Code section 1174.  Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

64.     Section 9 of the IWC Wage Orders requires Defendants to maintain time records showing, among other things, when the employee begins and ends each work period, meal periods, split shift intervals, and total daily hours worked in an itemized wage statements, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiffs and the Class Members.  On information and belief, Plaintiffs allege that Defendants have knowingly and intentionally failed to comply with these Wage Orders.

65.     WHEREFORE, Plaintiffs and each Class they seek to represent request relief as described herein and below.=

### Sixth Cause of Action

#### *Failure to Reimburse Expenses*

#### *Against all Defendants*

66.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

67.     Pursuant to California Labor Code §2802, Defendants are required to reimburse Plaintiffs and Plaintiff Class for expenses incurred by them in the performance of their job duties.

68.     The expenses incurred by Plaintiffs and Plaintiff Class include, but are not limited to, the following: cellular phone expenses, and travel expenses.

69.     During the relevant time period, Defendants had a uniform policy and

**COMPLAINT**

procedure that required Plaintiffs and Plaintiff Class to personally incur and pay for expenses during the performance of their employment duties for Defendants, without full reimbursement from Defendants.

70. As a result of these expense reimbursement policies and procedures, Plaintiffs and Plaintiff Class have been damaged in an amount according to proof at the time of trial, and in excess of the minimum jurisdiction of this Court.

71. Defendants' pattern, practice, and uniform administration of corporate policy, regarding failure to fully reimburse business expenses as described is unlawful.

72. Plaintiffs and Plaintiff Class are entitled to recover from Defendants the full amount of the expenses they incurred in the course of their job duties, plus interest, plus reasonable attorneys' fees and costs.

## Seventh Cause of Action

### *Violation of Unfair Competition Law*

### *Against all Defendants*

73. Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

74. On information and belief, Plaintiffs allege that, by their policy of:

 (a) requiring employees to work in excess of five hours per shift of 6 or more hours without being provided a lawful meal period, and or working a shift of twelve hours per day without being provided a second lawful meal period, and not being compensated one hour of pay at the regular rate (or minimum wage) of compensation for each workday that a meal period was not provided, in violation of California labor laws, regulations, and Industrial Welfare Commission Wage

**COMPLAINT**

Orders;

(b) requiring employees to work without being provided a minimum ten-minute rest period for every four hours or major fraction thereof worked and not being compensated one hour of pay at their regular rate of compensation for each workday that a rest period was not provided;

(c) Defendants owed Plaintiffs and Class Members appropriate overtime compensation, meal period compensation, and rest break compensation as detailed above but failed to pay all outstanding compensation to Plaintiffs and Class Members who resigned or were terminated in violation of Labor Code, sections 201-203; and

(d) Defendants required Plaintiff and Class Members to incur work related expenses and failed to fully reimburse Plaintiffs and Class Members for those expenses, even though Plaintiffs and Class Members incurred those expenses at the direction of Defendants.

75. The actions of Defendant as alleged within this Complaint constitute false, fraudulent, unlawful, unfair, and deceptive business practices, within the meaning of Business and Professions Code section 17200 *et seq.*

76. Plaintiffs are entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

77. As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiffs and each Class they seek to represent. Defendants should be enjoined from these activities and restore to Plaintiffs and the Class Members the wrongfully withheld wages pursuant

to Business and Professions Code § 17203.  Plaintiffs are informed and believe, and thereon allege, that Defendants have been unjustly enriched through Defendants' unlawful, unfair, and fraudulent business practices as alleged throughout the Complaint.  Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and the Class Members are prejudiced by Defendants' unfair trade practices.

78.  As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiffs, individually, and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution of all wages which have been unlawfully withheld from Plaintiffs and the Class Members as a result of the business acts and practices described herein, and enjoining Defendants to cease and desist from engaging in the practices described herein.

79.  The unlawful conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future.  Plaintiffs allege that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to engage in the unlawful conduct previously alleged in this Complaint, and will continue to fail to pay and to avoid paying appropriate taxes, insurance, and unemployment withholdings.

80.  Plaintiffs further request that the court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the unfair, unlawful, and/or fraudulent practices alleged in this Complaint.

81.  WHEREFORE, Plaintiffs and each Class they seek to represent request relief as described herein and below and as deemed just.

///

# **PRAYER**

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     That the Court determine that this action may be maintained as a class action;

2.     That Plaintiffs be appointed the representative of each proposed Class, as appropriate;

3.     That the attorneys of record for Plaintiffs whose names appear in this Complaint be appointed class counsel;

4.     That the Court order written notice of Class Certification and Judgment in accordance with Rule 23(c)(2);

5.     For compensatory damages in an amount according to proof with interest thereon;

6.     For economic and/or special damages in an amount according to proof with interest thereon;

7.     That Defendants be found to have engaged in unfair competition in violation of section 17200 *et seq.* of the California Business and Professions Code;

8.     That Defendants be ordered and enjoined to make restitution to each Class due to their unfair competition, pursuant to California Business and Professions Code §§ 17203 and 17204;

9.     That Defendants be enjoined from continuing the unlawful course of conduct alleged herein;

10.    That Defendants further be enjoined to cease and desist from unfair competition in violation of section 17200 *et seq.* of the California Business and Professions Code;

11.     That Defendants be enjoined from further acts of restraint of trade or unfair competition;

12.     For penalties pursuant to Labor Code § 203;

13.     For the recovery of unreimbursed expenses subject to proof, interest, attorneys' fees, and litigation costs under Labor Code §2802;

14.     For penalties, attorneys' fees, and litigation costs pursuant to Labor Code §§ 226;

15.     For attorneys' fees, interest, and costs of suit under applicable provisions of law outside the Labor Code; and

16.     For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: September 25, 2017     **Lebe Law, APLC**


By:     /s/ Jonathan M. Lebe
        Jonathan M. Lebe

Attorney for Plaintiff Alfonzo Peterson and Miguel Ortega, Individually and on behalf of all others similarly situated

**COMPLAINT**